IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MYRA TRUJILLO, Individually and
as Parent and Guardian of
CHEYENNE ANTONIO, a Minor,

      Plaintiffs,

vs.                                               Civ. 05-616 RHS/LAM

UNITED STATES OF AMERICA,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment ("Motion"), filed August 30, 2005 **[Doc. 7]**. The Court, having reviewed the parties' submissions and the relevant authorities, finds that Defendant's Motion is well taken and will be granted.

**Standard of Review**

Defendant's Motion may be decided as a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1). In its Motion, Defendant contends that the Court lacks subject matter jurisdiction over this proceeding because Plaintiffs' Complaint was filed outside of the limitations period set forth in 28 U.S.C. § 2401(b). The party seeking to invoke federal jurisdiction carries the burden of establishing that such jurisdiction is proper. See Sac & Fox Nation v. Cuomo, 193 F.3d 1162, 1165 (10th Cir. 1999). In the Tenth Circuit, the Federal Tort Claims Act ("FTCA") limitations

requirements under § 2401(b) are jurisdictional prerequisites.[1] Moreover, the jurisdictional issues involving time limits are not aspects of Plaintiffs' substantive claim of medical negligence. See, e.g., Sizova v. National Institute of Standards & Technology, 282 F.3d 1320, 1324 (10th Cir. 2002) (finding that the jurisdictional issue of exhaustion of administrative remedies is not an aspect of a substantive discrimination claim). Thus, the resolution of the jurisdictional issues will not require examination of the merits of the underlying substantive claim. Finally, the Court's consideration of the parties' exhibits does not convert the motion to dismiss to a motion for summary judgment.[2]

**Background**

Plaintiffs filed this lawsuit pursuant to the FTCA. The Complaint **[Doc. 1]**, filed on June 3, 2005, alleges medical negligence and seeks damages for medical expenses, pain and suffering, lost future earning capacity, emotional distress, loss of consortium and loss of enjoyment of life. Defendant filed a motion to dismiss based on its contention that the Court lacks subject matter jurisdiction over Plaintiff's Complaint because: (I) Plaintiffs' Complaint was filed outside the six month limitations period set forth in 28 U.S.C. § 2401(b); (II) Plaintiffs' request for

---

[1] "Timeliness of suit is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b)." In re: Franklin Savings Corp. v. United States, 385 F.3d 1279, 1287 (10th Cir. 2004) (citing Dahl v. United States, 319 F.3d 1226, 1228 (10th Cir. 2003)); see also Hoery v. United States, 324 F.3d 1220, 1221 (10th Cir. 2003) (stating that "timeliness [under § 2401(b)] is a prerequisite for subject matter jurisdiction"(citation omitted)).

[2] "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." Sizova, 282 F.3d at 1324 (quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)).

reconsideration was filed outside the six month limitations period under 28 C.F.R. § 14.9; and (III) Plaintiffs' administrative tort claims failed to meet the "sum certain" requirement of 28 C.F.R. § 14.2(a).

**Whether Plaintiffs' Complaint was filed outside the six month limitations period set forth in 28 U.S.C. § 2401(b)**

Pursuant to the FTCA, "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Defendant concedes that Plaintiffs "timely submitted their administrative claims within two years of when their action accrued." (Defendant's Memorandum in Support of Motion ("Memo") at 9.) Defendant asserts that a certified letter denying Plaintiffs' administrative claims was mailed on December 2, 2004. (See Declaration of Gail H. Mack, Ex. B and Letter date-stamped Dec 2-2004, Attachment 3 of Ex. B, attached to Defendant's Memo.) Plaintiffs "deny that it is possible to know for certain on which day that denial was mailed."[3] (Plaintiffs' Response to Defendant's Motion ("Response") **[Doc. 12]** at 3, ¶9). Notably, however, Plaintiffs present no evidence to dispute Defendant's supported assertion that December 2, 2004 was the mailing date of the denial

---

[3]Plaintiffs apparently base this contention on the fact that "the final denial [letter] did not include a *typewritten* date." (Plaintiffs' Response at 3 (emphasis added).) Upon receipt of the denial letter, Plaintiffs' counsel noted that the "letter had not [sic] typewritten date[,] . . . . assumed that the December 2, 2003, [sic] stamp was made in error, as sometimes happens in my office[,] . . . . [and] [b]ecause this correspondence appeared to lack a date, . . . assumed that it had been sent two, or three at the most, days from the date of receipt, December 6, 2005 [sic]." (Affidavit of Gabrielle M. Valdez, Ex. I attached to Plaintiffs' Response.) The Court will address Plaintiffs' assumptions further in the discussion of equitable tolling, *infra*.

3

letter.[4]  Plaintiffs bear the burden of establishing, by a preponderance of evidence, facts essential to demonstrate subject matter jurisdiction.  See United States v. Rockwell International Corp., 282 F.3d 787, 797-98 (10th Cir. 2002).  Here, Plaintiffs fail to show that the denial letter was mailed on any date other than December 2, 2004.[5]  The Court finds that the letter denying Plaintiffs' administrative claims was mailed on December 2, 2004.

*Calculation of the six month limitations period pursuant to § 2401(b)*

Neither the United States Supreme Court nor the United States Court of Appeals for the Tenth Circuit has squarely and precisely addressed the issue of how to compute the six month limitations period under § 2401.  However, several well-established principles provide guidance to the courts in considering a waiver of immunity.  The Tenth Circuit explained that the Supreme Court "has long decided that limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied."  Franklin, 385 F.3d at 1289-90.  "[I]n interpreting § 2401(b)'s statute of limitations provision, the [Supreme] Court has stated: . . . we are not free to construe . . . [§ 2401(b)] so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims . . . [and] in construing the statute of limitations, which is a condition of th[e] [FTCA] waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended."  Id. 385 F.3d at 1290 (quoting United States v. Kubrick, 444 U.S. 111, 117 (1979)).  In applying § 2401(b), this Court's "task is to discern the 'unequivocally expressed' intent of Congress, construing

---

[4] Plaintiffs neither deny that the letter was actually mailed on December 2, 2004, nor allege that the letter was actually mailed on a date other than December 2, 2004.

[5] Indeed, Plaintiffs do not even establish a genuine issue regarding the mailing date of the denial letter.

ambiguities in favor of immunity." United States v. Williams, 514 U.S. 527, 531 (1995) (citation omitted).

Defendant contends that, given a mailing date of December 2, 2004, Plaintiffs' action was not "begun within six months after the date of mailing . . . of notice of final denial of the [administrative] claim," because the Complaint, filed in this Court on June 3, 2005, was filed outside the limitations period by one day.  In support of this contention, Defendant points out that "while there are differing views among the district courts on the manner in which the six-month period is to be calculated, the more recent cases and the majority of courts have held that the six-month limitations period 'runs from the day after denial of a plaintiff's administrative claims is mailed through the day before that same calendar date six months later.'" (Defendant's Memo at 10 (quoting Vernell v. United States Postal Service, 819 F.2d 108, 111 (5th Cir. 1987) (other citations omitted)).)

In addition to Vernell, other decisions addressing this issue that would also find Plaintiffs' Complaint untimely include:  Tribue v. United States, 826 F.2d 633, 635 (7th Cir. 1987) (excluding the date of mailing "based on § 2401(b)'s language, and by analogy to Rule 6(a)"); McDuffee v. United States, 769 F.2d 492 (8th Cir. 1985) (implicitly excluding the date of mailing in its computation); Scott v. United States Veteran's Administration, 749 F.Supp. 133 (W.D.La. 1990), aff'd, 929 F.2d 146 (5th Cir. 1991); Kollios v. United States, 512 F.2d 1316 (1st Cir. 1975); Murray v. United States Postal Service, 550 F.Supp. 1211 (D.Mass. 1982); Yedwab v. United States, 489 F.Supp 717, 719 (D.N.J. 1980) (finding the language of § 2401(b) and FED. R. CIV. P. 6(a) "in complete agreement" regarding the calculation of the six month period).

Plaintiffs point out that under the computation method used in two district court decisions,

5

the Complaint was timely filed. See Bledsoe v. Department of Housing and Urban Development, 398 F.Supp. 315 (E.D.Pa. 1975); Rodriguez v. United States, 382 F.Supp. 1 (D.P.R. 1974). Plaintiffs contend that the methods used in Bledsoe and Rodriguez, including the application of the principles set forth in FED. R. CIV. P. 6(a), "more faithfully interprets the text of § 2401(b) than the rule argued by Defendant." (Plaintiffs' Response at 7.) However, the Court notes that all of the cases above rely, whether implicitly or explicitly, on the principles of FED. R. CIV. P. 6(a) and/or the language of § 2401(b), to exclude the date of mailing from the calculation of the six month period.

In Vernell, the Court adopted "the majority rule as expressed in McDuffee and Kollios [a]s the better reasoned rule" for calculating the six month limitations period. Vernell, 819 F.2d at 111. The Court expressly rejected the method used in Bledsoe, because it "would allow six months and a day after the mailing date to file a claim." Id. 819 F.2d at 112. This Court finds the reasoning in Vernell persuasive. Similarly, this Court concludes that § 2401(b) "provides for a period of six months after the mailing date, and the action must begin within that period, not outside it." Id. 819 F.2d at 112. Finally, the Court agrees that "the more recent cases and the majority of courts" would find Plaintiffs' Complaint untimely filed. Id. 819 F.2d at 111. Indeed, while the First, Fifth and Seventh Circuit Courts of Appeal are included in this majority, Plaintiffs do not cite to, nor is the Court aware of, any decision from a Circuit Court of Appeals that has addressed this issue in Plaintiffs' favor.

The Tenth Circuit has not squarely addressed this question. However, dictum from a recent Tenth Circuit opinion also indicates that Plaintiffs' Complaint is untimely. See Esposito v. United States, 368 F.3d 1271, 1272 (10th Cir. 2004) (stating that where the "United States

denied her claim on August 23, 2001," plaintiff's complaint, filed on February 22, 2002, was filed "the day before the six-month deadline for filing suit . . . expired" (citing 28 U.S.C. § 2401(b))); see also Anderberg v. United States, 718 F.2d 976, 976 (10th Cir. 1983) (affirming a district court's holding that a request for reconsideration was not timely filed where the denial letter was mailed on October 30, 1980 and the federal agency received the reconsideration request on May 1, 1981); but see Benge v. United States, 17 F.3d 1286, 1287-88 (10th Cir. 1994) (stating that where plaintiffs' claims were denied on June 24, 1991, plaintiffs' complaint filed on December 23, 1991 was filed "only two days before the expiration of the initial six month limitations period").

The Court concludes that after applying the well-established principles regarding waivers of sovereign immunity, and based on the preponderance of persuasive authority from other circuits and recent Tenth Circuit dicta, Plaintiffs' Complaint, filed on June 3, 2005, was not filed within the six month limitations period set forth in § 2401(b).[6] Because Plaintiffs' Complaint was not filed in compliance with the timing requirements of § 2401(b), the Court apparently lacks subject matter jurisdiction and should dismiss this action. However, Plaintiffs' argue that even if the Complaint was untimely, the Court should equitably toll the limitations period under § 2401(b).

---

[6]For substantially the same reasons, the Court finds that Plaintiffs' request for reconsideration was also filed outside the six month limitations period. The Court need not decide whether the Albuquerque Service Unit or the Claims Office was the appropriate agency to receive Plaintiffs' request for reconsideration. Assuming *arguendo*, that Plaintiffs filed their request with the appropriate agency on June 3, 2005, they failed to do so within the six months limitations period. See Anderberg, 718 F.2d at 976 (affirming the district court's holding that "the request for reconsideration was not timely filed, so that the court did not have jurisdiction"). Moreover, Defendant points out that despite 28 C.F.R. § 14.9(b)'s provision that a request for reconsideration may be submitted *prior* to the commencement of suit, Plaintiffs' request was received at the Albuquerque Service Unit several hours *after* Plaintiffs' Complaint was filed in this Court.

7

*Equitable tolling*

The Tenth Circuit has held that "the limitations period in 28 U.S.C. § 2401(b) is *not to be extended for equitable considerations*." Anderberg, 718 F.2d at 977 (emphasis added).  As Plaintiffs point out, however, Anderberg was decided before the United States Supreme Court determined in Irwin v. Department of Veterans Affairs, that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States."  Id., 498 U.S. 89, 95-96 (1990) (concerning an employment discrimination suit brought against the government under Title VII).  Since Irwin, the Tenth Circuit has not squarely addressed the issue of whether equitable tolling applies to the limitations period of § 2401(b).[7]  However, at least three other circuit courts of appeal have addressed this question and determined that equitable tolling may apply.

In Perez v. United States, 167 F.3d 913, 918 (5th Cir. 1999), the Court applied equitable tolling where plaintiff, "misunderstanding the dual nature of the Texas National Guard," filed suit against the Texas National Guard *within* the limitations period, and later filed suit against the United States Army *outside* the limitations period.  The Court in Glarner v. United States, 30 F.3d 697, 701-02 (6th Cir. 1994), equitably tolled the FTCA limitations period where the VA violated its legal duty to provide plaintiff with the appropriate forms to file a claim.  Finally, in Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991), the Court found that the FTCA's limitations period is *not* jurisdictional and that "failure to comply with it is merely an affirmative defense

---

[7]At least one district court in this Circuit has concluded that equitable tolling does not apply to the FTCA.  See Wukawitz v. United States, 170 F.Supp.2d 1165, 1168 (D.Utah 2001).

8

which the defendant has the burden of establishing."[8]

Plaintiffs argue that the limitations period should be equitably tolled in this instance due to "the lack of clear precedent in this circuit, the presence of supportive out-of-circuit precedent, the fact that this notice of denial was not dated in accordance with accepted standard practice for professional correspondence, and . . . the fact that it appears that this agency is not even aware of when it received the Standard Form 95." (Plaintiffs' Response at 8.) The Court finds it unnecessary to first determine whether equitable tolling applies to § 2401(b) in this Circuit, because even assuming that it does, it would not benefit Plaintiffs under the circumstances of this case.

In Irwin, the United States Supreme Court noted: "Federal courts have typically extended equitable relief only sparingly[,] . . . . allow[ing] equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." Id. 498 U.S. at 96 (footnote and citation omitted). Even when equitable tolling applies, "no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants." Id.

In Perez, the Court found that the language in Irwin "indicate[d] that equitable tolling is available where a plaintiff has actively pursued judicial remedies but filed a defective pleading, *as*

---

[8]Schmidt's conclusion is based on a finding that directly contradicts the Tenth Circuit's finding that § 2401(b)'s limitations period is a jurisdictional requirement. See note 1, supra (citing Franklin, 385 F.3d at 1287-90 and Hoery, 324 F.3d at 1221).

*long as the plaintiff has exercised due diligence*." Id., 167 F.3d at 917 (citation omitted) (emphasis added).  The Tenth Circuit uses similar language in the federal habeas context to explain that equitable tolling of the limitations period "is only available when an inmate *diligently* pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 121 S. Ct. 1195 (2001) (citations omitted) (emphasis added).[9]

Plaintiffs argue that "because the law is muddled" the limitations period should be equitably tolled.  (Plaintiffs' Response at 9 (citing Capital Tracing, Inc. v. United States, 63 F.3d 859, 863 (9th Cir. 1995).)  However, courts have not hesitated to dismiss cases as time-barred simply because other courts have disagreed.  For example, in McDuffee, the Eighth Circuit Court of Appeals acknowledged "that there has been some difference of view among the district judges" regarding the calculation of the § 2401(b) limitations period.[10]  Id. 769 F.2d at 493.  Nevertheless, finding that Murray, Yedwab, and Kollios were correct, the McDuffee Court reversed the district court's judgment and directed that the case be dismissed as time-barred under § 2401(b).  Moreover, since McDuffee, the Fifth and Seventh Circuit Courts of Appeal have also issued decisions supporting Defendant's position that Plaintiffs' Complaint was untimely filed.  See

---

[9]The Court notes that unlike the limitations period of § 2401(b), the federal habeas limitations period is not jurisdictional.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (citation omitted).

[10]The Eighth Circuit explained that "the district court [had] noted a split of authority . . . . [and] declined to apply the stricter view given that no definitive or correct way of counting days under the limitations statute had been established at the time of plaintiffs' filings."  McDuffee, 769 F.2d at 493.  Under such circumstances, the district court refused to dismiss the case as time-barred, finding that "it offended the court's 'notions of fair play' to bar the McDuffees from presenting the merits of their negligence claim in federal court."  Id.

Vernell and Tribue, respectively.

The Capital case, cited by Plaintiffs, is distinguished from this proceeding in several important respects. First, the Court in Capital determined that the statute of limitations at issue in that case was not jurisdictional and thus, "treat[ed] the district court's action as a dismissal for failure to state a claim, rather than as a dismissal for lack of subject matter jurisdiction." Id. at 861 n.3. Second, and more important, in equitably tolling the statute of limitations, the Capital Court found that the plaintiff's failure to timely file a wrongful levy action "was *not* due to its lack of diligence[,]" noting that the plaintiff "exercised its rights at what it thought was the *earliest* opportunity." Id. at 863 (emphasis added).

Here, confronted with two different dates stamped on the denial letter, Plaintiffs' counsel simply assumed that the December 2, 2004 date stamp originated, in error, from her office. Nothing indicates that counsel attempted to verify this assumption (e.g., checking with her office staff, examining the envelope, and/or contacting opposing counsel).[11] Believing that the letter contained no date from the sender, Plaintiffs' counsel then "assumed that it had been sent two, or three at the most, days from the date of receipt," December 6, 2004. (Affidavit of Gabrielle M. Valdez, Ex. I attached to Plaintiffs' Response.) The Court finds that counsel's erroneous assumption regarding the date stamps do not justify equitable tolling, where due diligence on counsel's part would reveal that assumption to be erroneous.

Far from exercising their rights at the earliest opportunity, Plaintiffs in this case chose to file their Complaint on what they apparently "assumed" was no later than the day before the

---

[11] The Court notes that although the two date stamps are similar in appearance, they are not identical.

statute of limitations expired (according to Bledsoe and Rodriguez), relying on nothing more than counsel's assumption that the mailing date of the denial letter was no earlier than December 3, 2004.[12]  It is incomprehensible that Plaintiffs chose to wait until what they assumed was the eleventh hour of the tolling period and thus, risk filing an untimely pleading, when according to their own counsel, they were uncertain as to the exact triggering date of the tolling period.[13]  The Court does not find such conduct to be diligent, particularly when Plaintiffs were well aware of the importance of the mailing date in triggering the limitations period.[14]

Plaintiffs neither filed a defective pleading within the statutory period, nor were induced or tricked by Defendant's misconduct into allowing the deadline to pass.[15]  Moreover, even assuming the truth of Plaintiffs' allegations and Ms. Valdez's affidavit, the Court finds that Plaintiffs failed to exercise due diligence in pursuing their judicial remedies.  At best, Plaintiffs' argument for equitable tolling represents a "garden variety claim of excusable neglect" to which the principles of equitable tolling do not extend.  Irwin, at 96.

---

[12]Presumably, had Plaintiffs either "assumed" (or exercised due diligence to determine) that the date of mailing was December 2, 2004, they would have chosen to file the Complaint on June 2, 2005.

[13]Believing that the letter contained no date from the sender, Plaintiffs' counsel simply "assumed that it had been sent *two*, or *three* at the most, days from the date of receipt." (Affidavit of Gabrielle M. Valdez, Ex. I attached to Plaintiffs' Response (emphasis added).)

[14]The denial letter explicitly notified Plaintiffs that they were entitled to file a request for reconsideration or a lawsuit "within six months from the date of mailing of this determination," and specifically cited 28 C.F.R. § 14.9 and 28 U.S.C. § 2401(b). (Letter, Attachment 3 of Ex. B, attached to Defendant's Memo.)

[15]Although Plaintiffs contend that Defendant failed to use "standard practice" by date stamping the denial letter, they do not allege, nor is it apparent to the Court, that Defendant engaged in misconduct to trick or induce Plaintiffs into allowing the deadline to pass.

**Conclusion**

In sum, for the reasons set forth in this opinion, the Court finds that Plaintiffs' Complaint was not filed within the six month limitations period set forth in § 2401(b) and is thus, untimely.[16] The Court further finds that equitable tolling would not extend the limitations period under the circumstances of this case. In light of these findings, the Court need not address Defendant's allegation that Plaintiffs' administrative tort claims failed to meet the "sum certain" requirement of 28 C.F.R. § 14.2(a). The Court finds that this civil proceeding should be dismissed for lack of subject matter jurisdiction.

WHEREFORE,

IT IS ORDERED that Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment **[Doc. 7]** is GRANTED and this civil proceeding is dismissed for lack of subject matter jurisdiction.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[16]For substantially the same reasons, the Court finds that Plaintiffs' request for reconsideration was also filed outside the six month limitations period. See note 6, supra.